IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-4068-CR-C-RK |
| | ) | |
| BRUCE WAYNE STEPHENS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Pending before the Court is Defendant Bruce Wayne Stephens' Motion to Dismiss the Indictment for failure to state an offense. (Doc. 34.) The Government has filed suggestions in opposition. (Docs. 35, 38.) Defendant filed a reply in support of the Motion to Dismiss (doc. 39), and the Government filed a sur-response (doc. 40).

**I.  The Charges Set Forth in the Indictment**

The Indictment in this case charges that:

> (Obstructing Justice by Threatening to Retaliate)
>
> 18 U.S.C. § 1513(b)(1)

On or about September 29, 2016, within the Western District of Missouri, the Defendant, BRUCE WAYNE STEPHENS, knowingly threatened to cause bodily harm to another person with the intent to retaliate against said person and persons because of their participation in an official proceeding, that is, the investigation and prosecution of Malcolm Desean Redmon in Case No. 14-04065-02-CR-C-SRB, all in violation of Title 18, United States Code, Section 1513(b)(1).

(Doc. 1.)

Title 18 U.S.C. § 1513(b)(1) provides:

(b) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for –

> (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
>
> . . .

>    or attempts to do so, shall be fined under this title or imprisoned not more
>    than 20 years, or both.

An "official proceeding" is defined under 18 U.S.C. § 1515(a)(1). The definition includes "a proceeding before a judge or court of the United States." 18 U.S.C. § 1515(a)(1)(A).

## II.    Discussion

Defendant argues that the Indictment charges a violation of 18 U.S.C. § 1513(b)(1), but fails to set forth factual allegations that could or would support that Stephens' actions violated this statute. Specifically, Defendant argues that the allegations that his actions against attorney Risley were in retaliation for the actions of Vershawn Edwards, attorney Risley's client, cannot be prosecuted under 18 U.S.C. § 1513(b)(1). Defendant further argues that it is not a violation of 18 U.S.C. § 1513(b)(1) to retaliate against a generic participant, but rather, retaliation must be intended against a witness who testified or produced records, documents, or other objects in an official proceeding. Defendant argues that the discovery in this case is devoid of any indication that attorney Risley or his client Vershawn Edwards, were witnesses who testified or provided any record, document, or other object at the designated official proceeding. Defendant also argues that an investigation is not an official proceeding. Finally, Defendant argues that the charges in the Indictment are inconsistent with the Eighth Circuit Jury Instruction 6.18.1513.

The Government's arguments broadly stated are that: (1) Defendant's motion is out of time and should be denied as untimely filed; (2) the plain text of 18 U.S.C. § 1513(b)(1) supports the offense charged in the Indictment; (3) the Indictment contains all of the essential elements of the offense charged and is legally sufficient to inform Defendant of the charges which he must defend against and alleges sufficient information to allow him to plead a conviction or acquittal as a bar to a subsequent prosecution; and (4) Defendant improperly requests the court to undertake pre-trial resolution of factual issues that can only be resolved by the trier of fact during trial of a criminal case.

### A.    Untimeliness of Motion to Dismiss

The deadline for filing pretrial motions was November 9, 2016. The pending Motion to Dismiss was filed on November 28, 2016, more than two and a half weeks after the deadline for filing pretrial motions, and exactly one week prior to the start of the December 5, 2016 trial date. Defendant's motion offers no justification for being filed out of time. The Court notes that Defendant could have requested a continuance of this case, but chose not to do so, and in fact,

has asserted his right to a speedy trial. The Court finds that Defendant's Motion to Dismiss should be denied as untimely.

### B. Merits of Motion to Dismiss

#### 1. Standard

The legal standard for judging the sufficiency of an indictment is based on practical and not technical considerations. *Hayes v. United States*, 296 F.2d 657, 667 (8th Cir. 1961); *United States v. Pleasant*, 469 F.2d 1121, 1125 (8th Cir. 1972). An indictment need only "by fair implication" allege an offense recognized by the law. *United States v. Buchanan*, 574 F.3d 554, 565 (8th Cir. 2009). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993); *see also Buchanan*, 574 F.3d at 565; Fed. R. Crim. P. 7(c). It is not necessary for the indictment to use the exact words of the statute, so long as the words used set forth all the elements necessary to constitute the offense intended to be punished. *Hamling v. United States*, 418 U.S. 87, 117 (1974). Typically an indictment is insufficient only if an essential element of the offense is omitted from it, *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001), or if the indictment "is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)).

#### 2. Application of the Standard

The essential elements of 18 U.S.C. § 1513(b)(1) charged in this case are that a named Defendant: (1) threatens to cause bodily injury to a person; (2) with the intent to retaliate against any person; (3) on account of the attendance of a party at an official proceeding. The Indictment in this case tracks the language of 18 U.S.C. § 1513(b)(1) by charging that the Defendant "knowingly threatened to cause bodily harm to another person with the intent to retaliate" and then identified the person being threatened as those who participated in an official proceeding, that being the prosecution of Malcolm Desean Redmon. The Court finds the essential elements of 18 U.S.C. § 1513(b)(1) are set forth in the Indictment in this case. The Court finds the

3

arguments set forth by the Government as to the legal sufficiency of the Indictment correctly set forth the law. Defendant's arguments are without merit as discussed below.

The crime of obstruction justice by threatening to retaliate does not require that the "another person" and "any person" in separate portions of subsection (b) of the statute be one and the same person. Under the facts of this case, the "another person" and the "any person" are not one in the same. Additionally, the argument that the lawyer for a party cannot be a party within the meaning of 18 U.S.C. § 1513(b)(1) is without authority.

Defendant's argument that a valid charging document must allege that the retaliation was against a witness or person who testified, or produced a record or document, in an official proceeding is without merit. Also without merit is Defendant's assertion that the person threatened must be the one who caused the attendance of the party at the official proceeding. These are not a requirements under 18 U.S.C. § 1513(b)(1). The plain text of the statute provides that an offense is committed when the named Defendant does nothing more than threaten to cause bodily injury to one person, with the intent to retaliate against another person, on account of the attendance of a party at an official proceeding.

Defendant's cite to Eighth Circuit Jury Instruction 6.18.1513 in support of his argument that the Indictment is not legally sufficient is misplaced. Instruction 6.18.1513 is a pattern jury instruction to be used only for those instances where the crime charges retaliation against a witness. Retaliation against a witness is not the crime charged in this case. Rather, the crime charged in this case is based on a different portion or subsection of the statue, which does not require that the person threatened or retaliated against, be a witness. Accordingly, the pattern jury instruction cannot be used as written because it simply does not apply to the crime charged in this case.

To the extent Defendant challenges the facts set forth in discovery as insufficient to support a claim under 18 U.S.C. § 1513(b)(1) the Court finds this argument fails for two reasons. First, this is a voluntary discovery case (open file discovery), in which the Government has given Defendant full access to its investigative file. All reports have been provided by the Government to defense counsel and the Defendant. This voluntary discovery undermines an argument by the Defendant that he is not fairly informed of the charges against which he must defend. Voluntary discovery ensures that Defendant has sufficient information to allow him to plead a conviction or

4

acquittal as a bar to a subsequent prosecution. Second, to the extent that Defendant argues that the evidence that the Government has provided during voluntary discovery is insufficient to support the offense charged in the Indictment, this is not a proper pretrial issue to be resolved by this Court. There is no summary judgment procedure in criminal cases, nor do the rules provide for a pretrial determination of sufficiency of the evidence. *See e.g.*, *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). Sufficiency of the Government's evidence can only be resolved by the trier of fact during trial of a criminal case.

## III. Conclusion

Based on the foregoing, the Court finds that Defendant Bruce Wayne Stephens' Motion to Dismiss should be denied as untimely and should also be denied because the Indictment is legally sufficient. There is no basis to dismiss the Indictment. It is therefore,

ORDERED that Defendant Bruce Wayne Stephens' Motion to Dismiss is DENIED. (Doc. 34.)

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 3, 2016